HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI ANNA MASSEY,

          Plaintiff,

v.

ALAN B. THOMAS, ORTHOPEDIC SURGEON; PUGET SOUND ORTHOPAEDICS LAKEWOOD SURGERY CENTER,

          Defendants.

CASE NO. 3:19-cv-05453-RBL

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Lori Anna Massey's Declaration and Application to Proceed *in Forma Pauperis*. Dkt. #11.

The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no

arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Though somewhat confusing, Massey's allegations are serious. However, Massey's alleged injuries occurred in 2005—14 years ago—and she fails to show that the statute of limitations does not bar her claims. Massey alleges various claims, including "professional/gross negligence," "negligence," "violations of the United States Constitution," "abuse," and "murder." While it is true that murder has no statute of limitations, this is a civil case and murder is not a viable claim (also, Massey is still alive to file this action, suggesting she was not murdered). The Court is similarly unsure what Massey means by "abuse;" if she actually means assault or battery she should so state. If Massey wishes to allege a claim under 28 U.S.C. § 1983 for a constitutional tort, such a claim would not be plausible against a private individual or company.

As for the negligence causes of action, Washington law imposes a three-year statute of limitations for any action alleging "injury to the person or rights of another." RCW 4.16.080(2). Massey claims in her Complaint that "the operation of Statute of Limitations can be avoided and eliminated altogether or Tolled if serious crimes and/or permanent mental or physical injuries have occurred, factors that delay the ability of the plaintiff to take action." Dkt. #1 at 6. However, this is not a criminal case and Massey does not offer any legal support for her contention that statutes of limitations do not apply in civil cases whenever there is permanent injury, nor does she explain how her ability to bring a lawsuit was delayed.

In light of the foregoing, Massey's application to proceed *in forma pauperis* is DENIED. **Plaintiff shall, within 21 days of this Order, pay the filing fee or file a proposed amended complaint addressing these deficiencies. Otherwise, the matter will be dismissed without further notice.**

IT IS SO ORDERED.

Dated this 12th day of June, 2019.

Ronald B. Leighton
United States District Judge